SEALED

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2025 OCT 21  PM 3: 04

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN M. JENNINGS AND MARIAH L. BECKWITH,<br><br>Defendants. | 8:25CR218<br><br>INDICTMENT<br><br>21 U.S.C. § 841(a)(1) & (b)(1)<br>18 U.S.C. § 924(c)(1)(A) & (c)(1)(B)<br>18 U.S.C. § 922(g)(1) and 924(a)(8)<br>18 U.S.C. § 922(d)(1) and 924(a)(8)<br>18 U.S.C. § 922(a)(6) and 924(a)(2)<br>18 U.S.C. § 924(a)(1)(A)<br>21 U.S.C. § 853 |

The Grand Jury charges that

## COUNT I

On or about April 10, 2025, in the District of Nebraska, the defendant, RYAN M. JENNINGS did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

## COUNT II

On or about April 10, 2025, in the District of Nebraska, the defendant, RYAN M. JENNINGS, did knowingly possess a firearm in furtherance of, a drug trafficking crime for which Defendant may be prosecuted in a court of the United States, specifically a Ruger P95 9mm handgun; a Black Wards Western Field Model 35 12 ga. Shotgun; a Springfield Armory XDM 40 .40 S&W caliber handgun; a GForce Arms GF3 Model PAX 12 ga. Shotgun; a Komando/Dickinson LLC XX2T 12 ga. Shotgun; a Taurus PT111 G2 Millenium G2 9mm

1

handgun; and a Smith & Wesson M&P 9 Shield Plus 9mm handgun for the drug trafficking offense described in Count I.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT III

On or about April 10, 2025, in the District of Nebraska, the defendant, RYAN M. JENNINGS, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:  Attempt of a 1/1A/1B/1C/1D Felony, a Class 2 Felony and Possession of a Stolen Firearm, a Class 2A Felony, October 5, 2017, (CR17-1837); Operate a Motor Vehicle to Avoid Arrest, a Class 4 Felony, December 7, 2020 (CR20-2752); and Attempt of a 1/1A/1B/1C/1D Felony, a Class 2 Felony, December 7, 2020 (CR20-2867), all in the Douglas County District Court, knowingly possessed a Ruger P95 9mm handgun; a Black Wards Western Field Model 35 12 ga. Shotgun; a Springfield Armory XDM 40 .40 S&W caliber handgun; a GForce Arms GF3 Model PAX 12 ga. Shotgun; a Komando/ Dickinson LLC XX2T 12 ga. Shotgun; a Taurus PT111 G2 Millenium G2 9mm handgun; and a Smith & Wesson M&P 9 Shield Plus 9mm handgun, all which had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT IV

On or about March 22, 2025 and continuing to on or about April 10, 2025,  in the District of Nebraska, Defendant MARIAH L. BECKWITH, did knowingly sell and otherwise dispose of a firearm, that is, a Ruger P95 9mm handgun; a Springfield Armory XDM 40 .40 S&W caliber handgun; a GForce Arms GF3 Model PAX 12 ga. Shotgun; and a Komando/Dickinson LLC XX2T 12 ga. shotgun, to RYAN M. JENNINGS, knowing and having reasonable cause to

believe that RYAN M. JENNINGS had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(d)(1) and 924(a)(8).

<u>COUNT V</u>

On or about March 22, 2025 and continuing to on or about April 5, 2025, in the District of Nebraska, MARIAH L. BECKWITH, Defendant herein, in connection with the acquisition of firearms, to wit: a Ruger P95 9mm handgun; a Springfield Armory XDM 40 .40 S&W caliber handgun; a GForce Arms GF3 Model PAX 12 ga. Shotgun; and a Komando/Dickinson LLC XX2T 12 ga. shotgun, from Sol's Jewelry & Loan Co., Omaha, Nebraska; Sol's Jewelry & Loan, Omaha, Nebraska; and Guns Unlimited, Inc., Omaha, Nebraska, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to Sol's Jewelry & Loan Co., Omaha, Nebraska; Sol's Jewelry & Loan, Omaha, Nebraska; and Guns Unlimited, Inc., which statement was intended and likely to deceive Sol's Jewelry & Loan Co., Omaha, Nebraska; Sol's Jewelry & Loan, Omaha, Nebraska; and Guns Unlimited, Inc., Omaha, Nebraska, as to a fact material to the lawfulness of such sale and acquisition of the said firearms to the defendant under Chapter 44 of Title 18, in that the defendant did execute a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, indicating on the Form 4473 that she was the actual transferee/buyer of the firearms, when in fact as the defendant then knew, she was not the actual transferee/buyer of the firearm.

As to Sol's Jewelry & Loan Co., Omaha, Nebraska: a Ruger P95 9mm handgun.

As to Sol's Jewelry & Loan, Omaha, Nebraska: a GForce Arms GF3 Model PAX 12 ga. Shotgun; and a Komando/Dickinson LLC XX2T 12 ga. shotgun.

3

As to Guns Unlimited, Inc., Omaha, Nebraska: a Springfield Armory XDM 40 .40 S&W caliber handgun.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

COUNT VI

On or about March 22, 2025 and continuing to on or about April 5, 2025, in the District of Nebraska, MARIAH L. BECKWITH, Defendant herein, knowingly made a false statement and representation to Sol's Jewelry & Loan Co., Omaha, Nebraska; Sol's Jewelry & Loan, Omaha, Nebraska; and Guns Unlimited, Inc., Omaha, Nebraska, a licensed dealer of firearms under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44, Title 18, United States Code, to be kept in the records of Sol's Jewelry & Loan Co., Omaha, Nebraska; Sol's Jewelry & Loan, Omaha, Nebraska; and Guns Unlimited, Inc., and in connection with the acquisition of a firearms, to wit: a Ruger P95 9mm handgun; a Springfield Armory XDM 40 .40 S&W caliber handgun; a GForce Arms GF3 Model PAX 12 ga. Shotgun; and a Komando/Dickinson LLC XX2T 12 ga. shotgun, in that she was the actual transferee/buyer of the firearm indicated on the Form 4473, when in fact as the defendant then knew, she was not the actual transferee/buyer of the firearm.

As to Sol's Jewelry & Loan Co., Omaha, Nebraska: a Ruger P95 9mm handgun.

As to Sol's Jewelry & Loan, Omaha, Nebraska: a GForce Arms GF3 Model PAX 12 ga. Shotgun; and a Komando/Dickinson LLC XX2T 12 ga. shotgun.

As to Guns Unlimited, Inc., Omaha, Nebraska: a Springfield Armory XDM 40 .40 S&W caliber handgun.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

4

<u>FORFEITURE ALLEGATION</u>

1.      The allegations contained in Counts I-VI of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of offenses in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1); Title 18, United States Code, Section 924(c)(1)(A); Title 18, United States Code, Sections 922(g)(1) and 924(a)(8); Title 18, United States Code, Sections 922(d)(1) and 924(a)(8); Title 18, United States Code, Sections 922(a)(6) and 924(a)(2); and Title 18, United States Code, Section 924(a)(1)(A), Defendants RYAN M. JENNINGS AND MARIAH L. BECKWITH shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to:

     a.   a Ruger P95 9mm handgun;

     b.   a Black Wards Western Field Model 35 12 ga. Shotgun;

     c.   a Springfield Armory XDM 40 .40 S&W caliber handgun;

     d.   a GForce Arms GF3 Model PAX 12 ga. Shotgun;

     e.   a Komando/ Dickinson LLC XX2T 12 ga. Shotgun;

     f.   a Taurus PT111 G2 Millenium G2 9mm handgun; and

     g.   a Smith & Wesson M&P 9 Shield Plus 9mm handgun handgun

2.      If any of the property described above, as a result of any act or omission of Defendant(s):

     a.   cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

In violation of Title 21, United States Code, Section 853.

A TRUE BILL.

_____

FOREPERSON

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

_____
PATRICK C. MCGEE
Assistant U.S. Attorney